UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKSANA ROSCHEVSKAYA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:12-cv-0644-AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). The parties' cross-motions for summary judgment are pending. For the reasons discussed below, the court grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment.

I.  BACKGROUND

Plaintiff filed an application for SSI on July 2, 2009, alleging disability beginning February 1, 2000. Administrative Record ("AR") 52, 100. Plaintiff's application was initially denied on September 25, 2009, and again upon reconsideration on April 15, 2010. AR 57-61, 64-68. On November 16, 2010, a hearing was held before administrative law judge ("ALJ") Sara A. Gillis. AR 23-44. Plaintiff appeared with a non-attorney representative at the hearing, at which

1

plaintiff and a vocational expert ("VE") testified.  Id.

In a decision dated December 17, 2010, the ALJ determined that plaintiff was not disabled under 1614(a)(3)(A) of the Act.[1]  AR 12-19.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant has not engaged in substantial gainful activity since July 2, 2009, the application date.
>
> 2.  The claimant has the following severe impairments: lumbar spine degenerative disk disease and myofascial pain in the thoracic spine.
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
    The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

> 4. After careful consideration of the entire record, the undersigned finds that the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand and walk for 6 hours, each, in an 8 hour workday. She can occasionally climb, balance, stoop, kneel, crouch and crawl.
>
> 5. The claimant has no past relevant work.
>
> 6. The claimant was born [in] 1973 and was 36 years old, which is defined as a younger individual age 18-49, on the date the application was filed.
>
> 7. The claimant is not able to communicate in English. She does not write English but is able to write in Russian. She had an 8th grade education in Russia and attended music school.
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work.
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since July 2, 2009, the date the application was filed.

AR 14-19.

Plaintiff requested the Appeals Council review the ALJ's decision. AR 7. However, on January 25, 2010, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a

conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

III.  ANALYSIS

Plaintiff argues that the ALJ erred by (1) failing to provide legally adequate reasons for rejecting her treating physician's medical opinion, (2) discrediting plaintiff's testimony without providing legally sufficient reasons, and (3) improperly assessing plaintiff's Residual Functional Capacity ("RFC").

  A.  The ALJ provided specific and legitimate reasons for rejecting the opinion of
      plaintiff's treating physician.

Plaintiff argues that the ALJ rejected the opinion of plaintiff's treating physician, Dr. Palatnik,[2] for "unexplained, boilerplate reasons" and relied on the opinion of non-examining professionals "for no stated reason at all." Pl.'s Mot. for Summ. J. 5. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

---

[2] The ALJ mistakenly refers to "Dr. Popak" in its decision. AR 17. Yelena Popova is Dr. Palatnik's physician's assistant who performed many examinations for Dr. Palatnik. Popova signed many of the examination forms, usually in a pre-printed section marked "Physician's Name," perhaps explaining the ALJ's confusion. See, e.g., AR 315. Popova is also listed on various U.C. Davis Health Systems records as plaintiff's primary care provider and a "requesting physician." See, e.g., AR 183-194 (listing Popova as "PCP"), 229 ("Requesting Physician: Dr. Yelena Popova"). Popova is a certified physician assistant rather than an M.D., however. Her signature reads "Yelena Popova, PAC." Dr. Palatnik is the doctor whose opinion the ALJ reviewed.

4

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. Id. at 830-31. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

Dr. Palatnik treated plaintiff for her back pain.[3] AR 293-216. On June 22, 2009, a pre-printed form containing an opinion regarding plaintiff's functional limitations was completed by Dr. Palatnik's physician's assistant, Yelena Popova. Dr. Palatnik adopted this opinion on June 22, 2009, and reaffirmed the opinion on October 22, 2010.[4] See AR 315. Dr. Palatnik diagnosed plaintiff with chronic back pain and degenerative disc disease. AR 313. This diagnosis was based on an MRI, identified as "MRI 05-05-09." Id. Dr. Palatnik opined that plaintiff could walk and sit for less than one hour in an eight-hour workday, could stand for a total of one to two hours in an eight-hour workday, but stand for less than an hour without interruption. AR 313. It was also his opinion that plaintiff could lift/carry less than five pounds occasionally, but never more, and was "totally" restricted from climbing stairs and ladders. AR 314. However, Dr. Palatnik

---

[3] Plaintiff also saw Dr. Hicks, a psychiatrist. AR 265-67. However, plaintiff's mental status is not disputed by either party and therefore, Dr. Hicks' opinion is not addressed.

[4] It is unclear if Dr. Palatnik signed this form on June 22, 2009, or at a later date, October 22, 2010, or both. See AR 315. However, the opinion contained within the form is adopted as his own, regardless. This also applies to other forms completed by Popova and signed by Dr. Palatnik.

opined that plaintiff's condition would improve if she established care with an orthopedic surgeon. AR 315.

The record also contains an opinion from Dr. Clancy, a non-examining physician. On September 24, 2009, after reviewing plaintiff's medical records, Dr. Clancy completed a Physical Residual Functional Capacity Assessment. AR 197-201. It was his opinion that plaintiff could lift up to twenty pounds occasionally and ten pounds frequently. AR 198. He opined that plaintiff could stand, walk, and sit for about six hours in an eight-hour workday, and occasionally climb, stoop, kneel, and crouch. AR 198-99. Dr. Clancy further opined that she had no manipulative, visual, or environmental limitations. AR 199-200.

The ALJ rejected Dr. Palatnik's opinion. Since Dr. Palatnik's opinion was directly contradicted by Dr. Clancy's opinion, the ALJ was required to provide specific and legitimate reasons for adopting Dr. Clancy's opinion over the treating opinion from Dr. Palatnik. See Lester, 81 F.3d at 830-31.

Plaintiff contends that the ALJ discredited Palatnik's opinion for "unexplained, boilerplate reasons." Pl.'s Mot. for Summ. J at 5. Plaintiff's contention is unfounded. While the ALJ's opinion surely contained some boilerplate language, the reasons provided for rejecting Dr. Palatnik's opinion was more than unexplained boilerplate. Specifically, the ALJ rejected Palatnik's opinion because it was inconsistent with his own treating records and with claimant's statement of her "activities of daily living." AR 17.

It was proper for the ALJ to reject Dr. Palatnik's opinion on grounds that it was contradicted by plaintiff's own statements regarding her activities of daily living. See Rollins v. Massanari, 261 F.3d 853 (9th Cir. 2001) (holding that an inconsistency between a doctor's opinion and the claimant's admitted daily activities is grounds for rejecting a treating source opinion); see also 20 C.F.R. § 416.927(c)(4) (explaining that more weight is given to opinions that are consistent with the record as a whole). Dr. Palatnik opined that plaintiff could not walk, stand, or sit for more than an hour without interruption during an eight-hour work day. AR 314. She could only lift up to five pounds "occasionally" and could "never" lift more. Id. Plaintiff's

6

1  personal statements are inconsistent with Dr. Palatnik's opinion.  Plaintiff stated that she took
2  take care of her four children, had "No Problem" with personal care, and did "light cooking,"
3  drove, shopped, and handled finances.  AR 131-34.  Plaintiff's admissions that she can perform
4  these activities conflict with the severe limitations assessed by Dr. Palatnik.  Accordingly, this
5  contradiction was a proper basis for rejecting Dr. Palatnik's opinion.

6        The ALJ also rejected Dr. Palatnik's opinion because it was contradicted by his own
7  treating records.  AR 17.  This generally is a proper reason for rejecting a treating physician's
8  opinion.  See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (a doctor's statement may
9  be rejected when his or her own notes, recorded observations, or recorded opinions contradict the
10 statement).  However, without further explanation, this reason does not constitute a specific and
11 legitimate reason for rejecting Dr. Palatnik's treating opinion.  An ALJ may satisfy his burden of
12 providing specific and legitimate reasons for rejecting a contradicted medical opinion "by setting
13 out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his
14 interpretation thereof, and making findings."  Embrey v. Bowen, 849 F.2d 418, 421 (1988).  The
15 ALJ does not identify any contradictory records or make any attempt to explain the alleged
16 inconsistency.  She simply provides her conclusion without identifying any contradictory
17 evidence.[5]  However, given that the ALJ properly rejected Dr. Palatnik's opinion because it was
18 inconsistent with plaintiff's statements concerning her daily activities, the court finds the ALJ's
19 failure to provide a more detailed explanation of the alleged inconsistency was harmless.  Molina,
20 674 F.3d at 1115 (error is harmless when ALJ would have reached the same result absent the
21 error).

22       Accordingly, the court finds that the ALJ provided legally sufficient reasons for adopting

---

[5] Defendant attempt to rescue the ALJ from this deficiency by identifying evidence in the record that defendant believes to be inconsistent with Dr. Palatnik's opinion.  See Def.'s Mot. for Summ. J. 22.  The evidence identified by defendant was not addressed by the ALJ and therefore fails to provide a basis for upholding the ALJ's finding that Dr. Palatnik's opinion was inconsistent with his own treatment notes.  See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion"); Barbato v. Comm'r of Soc. Sec. Admin., 923 F.Supp. 1273, 1276 n.2 (C.D. Cal. 1996) ("[T]he Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision.").

Dr. Clancy non-examining opinion over Dr. Palatnik's treating opinion.[6]

### B. The ALJ provided clear and convincing reasons for rejecting plaintiff's testimony and subjective symptoms.

Plaintiff next argues the ALJ erred by failing to provide clear and convincing reasons for discrediting plaintiff's testimony. Pl.'s Mot. for Summ. J. 8. In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen, 80 F.3d at 1284. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Sec'y of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan, 169 F.3d at 599. "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Id.

The ALJ provided numerous reasons for discounting plaintiff's testimony. AR 16-17.

---

[6] The ALJ purports to give great weight to the "state agency consultative physician's opinions'," except "the one signed in June 2009. AR 17. However, a review of the record reveals that the only opinion rendered in June 2009 was Palatnik's opinion, which the ALJ properly rejected.

1    The ALJ found that plaintiff's allegations of pain were not consistent with MRI findings.
2    Testimony on pain cannot be rejected simply because it is not corroborated by medical evidence,
3    but the lack of medical evidence is "still a relevant factor in determining the severity of the
4    claimant's pain and its disabling effects." Rollins, 261 F.3d at 857.  Importantly, Dr. Wang, one
5    of plaintiff's treating physicians, noted that plaintiff's complaints of pain were mostly down her
6    left side, while the imaging suggested that the pain should be on the right.  AR 165.  Dr. Chow
7    interpreted a second MRI as inconsistent with plaintiff's complaints of pain.  AR 256-58.  The
8    lack of medical findings supporting plaintiff's complaints of pain was a proper consideration.

9           Next, the ALJ found that there were inconsistencies in plaintiff's statements.  For
10   instance, in July 2009, plaintiff stated to her physical therapist[7] that she was independent in her
11   activities of daily living and only needed help with heavy chores.  AR 179.  However, at her
12   hearing she testified that she lacks the ability to lift a gallon of milk.  Further, the ALJ observed
13   that plaintiff's statements were inconsistent with her daily activities.  Although plaintiff alleged
14   debilitating pain, she maintained the ability to raise four children, perform light cooking, shop,
15   and go outside daily.  AR 123-24, 131-38, 179; see Thebo v. Astrue, 436 F. Appx 774, 775 (9th
16   Cir. 2011) (disability allegations inconsistent with daily activities, included taking care of
17   children); Denham v. Astrue, 494 F. Appx 813, 815 (9th Cir. 2012) (same).  These
18   inconsistencies provided a clear and convincing basis for discounting plaintiff's testimony.  See
19   Morgan, 169 F.3d at 599-600.

20          The ALJ also relied on her own observations of plaintiff at the hearing.  An ALJ's reliance
21   on claimant's demeanor at the hearing is a proper consideration for discrediting a plaintiff's
22   testimony, Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002), but the ALJ may not reject
23   claimant's testimony on this ground alone, Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir.
24   2001).  Plaintiff claimed she had to change positions about every fifteen minutes.  AR 31.  The
25   ALJ noted, however, that plaintiff appeared comfortable at the hearing, which lasted over forty
26   minutes.  AR 16-17.

---

[7] The ALJ mischaracterizes this report as one from plaintiff's "doctors."  This error does not affect the analysis.

Although the ALJ properly relied on the previously discussed grounds for rejecting plaintiff's testimony regarding subjective symptoms, she also provided some more dubious reasons.  For example, the ALJ cited the fact that claimant "demonstrated significant guarding at the consultative examination" and that plaintiff "had no bowel or bladder difficulties" as reasons for questioning plaintiff's credibility.  Without further explanation, it is not clear how these findings support the rejection of plaintiff's testimony.  However, in light of the numerous valid reasons provided by the ALJ, the court finds that any error in relying on these additional reasons to discount plaintiff's testimony was harmless.[8]  Accordingly, the ALJ properly rejected plaintiff's testimony.

        C.   <u>The ALJ properly assessed claimant's RFC.</u>

Finally, plaintiff argues that the ALJ ought to have reached a different conclusion when assessing plaintiff's RFC.  <u>See</u> Pl.'s Mot. for Summ. J. at 18.  The ALJ is responsible for assessing residual functional capacity.  20 C.F.R. § 416.946.  In determining a claimant's RFC, the ALJ must consider all relevant evidence in the record, including "the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment."  <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 883 (9th Cir. 2006).  <u>See</u> SSR 96–8p; <u>accord</u> 20 C.F.R. § 416.945(a)(3).  Additionally, "[c]areful consideration" must be given to descriptions of symptoms "because subjective descriptions may indicate more severe limitations or restrictions" than demonstrable through medical evidence.  <u>Robbins</u>, 466 F.3d at 883.  <u>See</u> SSR 96–8p.

Plaintiff's argument is based on the ALJ's alleged error in weighing the doctors' opinions and discrediting plaintiff's testimony.  As explained above, there was no legal error in assessing this evidence.  Accordingly, the court finds that the ALJ's RFC determination is supported by substantial evidence.

---

[8] Plaintiff takes issue with the manner in which the ALJ presented her reasons for rejecting plaintiff's testimony, which was in list form.  Plaintiff describes the entire list as "cumbersome" and "a grocery list" of "many, disjointed notions."  Pls. Mot. for Summ. J. 10.  It even goes so far as to portray it as "squatting like a giant gargoyle."  <u>Id.</u>  Although an amusing analogy, the court fails to comprehend how the ALJ's helpful use of a typographical tool is analogous to a gothic carving or somehow renders the reasons invalid.

IV.     CONCLUSION

The court finds that the ALJ's decision was supported by substantial evidence and the proper legal standards were applied. Therefore, IT IS ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 13, is denied;
2. The Commissioner's cross-motion for summary judgment, ECF No. 19, is granted; and
3. The Clerk is directed to enter judgment in defendant's favor.

DATED: June 19, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE